**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | No. CR11-0233-PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Terrence Klos, | |
| Defendant. | |

Defendant Mark Terrence Klos is charged with two counts of transmitting threatening communications in interstate commerce in violation of 18 U.S.C. § 875(d). The government alleges that Defendant sought to collect a debt allegedly owed to him by Person A by threatening to injure the reputations of Persons B and C. Defendant allegedly told Persons B and C that he would contact local media and provide them with a story about Person A's unscrupulous business ethics, as well as the fact that Person A was the child of Persons B and C, if he was not paid $50,000 by July 5, 2010. The government alleges that this conduct violated § 875(d), which provides that "[w]hoever, with intent to extort from any person, . . . any money, . . . transmits in interstate or foreign commerce any communication containing any threat to injure the . . . reputation of the addressee or of another, . . . shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 875(d).

The government has filed a motion in limine asking the Court to preclude Defendant from presenting evidence to the jury that he was in fact owed money by

Person A. Doc. 50. Defendant has filed a motion to dismiss the indictment, arguing that § 875(d) is unconstitutional if interpreted as the government contends and that the indictment is insufficient in its allegations. Doc. 54. Both motions are fully briefed. The Court discussed the motions with the parties at a hearing on August 29, 2012. Doc. 58. For the reasons set forth below, the Court will deny both motions.

I.  **Motion in Limine.**

The government argues that § 875(d) does not contain a wrongfulness element – that the government is not required to show that Defendant's threats were wrongful. Relying on the language of § 875(d) and *United States v. Von der Linden*, 561 F.2d 1340 (9th Cir. 1977), the government argues that it must establish only three elements: that Defendant intended to extort money from Persons B and C, that Defendant transmitted a threat using interstate commerce, and that the threat was to injure the reputation of Persons B and C. Doc. 50 at 3. The government argues that "[t]ransmitting a threatening communication (as defined in § 875(d)) in interstate commerce is an improper means to collect any debt regardless of the debt's validity. Therefore, all evidence relating to the validity of the alleged debt is irrelevant and should be excluded." Doc. 50 at 4-5.

Defendant argues that § 875(d) should be interpreted to include a wrongfulness requirement. Defendant relies on *United States v. Jackson*, 180 F.3d 55 (2nd Cir. 1999), and *United States v. Coss*, 677 F.3d 278 (6th Cir. 2012), both of which interpreted § 875(d) as including a wrongfulness requirement.

The Court agrees with Defendant. The Ninth Circuit's decision in *Von der Linden* is simply too thin a reed upon which to conclude that § 875(d) contains no requirement of wrongfulness. The one-page decision never discussed a wrongfulness requirement for § 875(d). The defendant in *Von der Linden* had been convicted of attempting to extort $25,000 from the victim by threatening to reveal facts damaging to the reputation of another person. After being convicted under § 875(d), the defendant argued on appeal that he should have been permitted to prove that the information he would have disclosed about the other person was true. The Ninth Circuit disagreed, holding that, "[a]s a

- 2 -

general rule, the truth of damaging allegations underlying a threat to injure the reputation of another is no defense to a charge of extortion." 561 F.2d at 1341.

*Von der Linden* had no occasion to discuss a wrongfulness element of § 875(d) because the conduct of the defendant in that case was inherently wrongful. There is no suggestion in the opinion that the victim owed the defendant any money at all. Rather, it appears the defendant was attempting to extort $25,000 from the victim purely on the basis of a threat to damage the reputation of another person. Seeking to obtain money through the use of a threat when no money is owed under any circumstances is classic extortion and inherently wrongful.

Moreover, the first case cited in *Von der Linden* in support of the "general rule" upon which it relied is *Wilson v. Oklahoma*, 306 P.2d 717 (Okl. 1957). The statute under which the defendant in *Wilson* was convicted expressly required that the communication be wrongful. *Id.* at 720. The information likewise charged a wrongful communication. *Id.* The wrongfulness requirement was satisfied by virtue of the fact that the defendant used a gun to threaten the victim with death unless the defendant was paid $10,000 he was not otherwise owed. The fact that *Von der Linden* relied on *Wilson* for the general rule adopted in *Von der Linden* shows that the general rule is not inconsistent with a wrongfulness requirement.

The presence of a wrongfulness requirement in § 875(d) was addressed at length by the Second Circuit in *Jackson*. After reviewing the language of § 875(d), the language of related criminal provisions, the historical meaning of extortion, and the legislative history of § 875(d), the Court of Appeals concluded that § 875(d) includes a wrongfulness requirement. 180 F.3d at 65-72. The Sixth Circuit recently agreed, holding "that 18 U.S.C. § 875(d) carries with it an implicit 'wrongful threat' requirement." *Coss*, 677 F.3d at 287. The Court finds the reasoning of *Jackson* and *Coss* to be persuasive.

*Jackson* held that wrongfulness can arise in two ways. First, a communication is wrongful "where a threat of harm to a person's reputation seeks money or property to which the threatener does not have, and cannot reasonably believe she has, a claim of

right[.]" 180 F.3d at 71. This appears to describe the situation in *Von der Linden* and *Wilson*, where threats were made solely for the purpose of garnering funds to which the threatener was not entitled. Second, a communication is wrongful "where the threat has no nexus to a plausible claim of right[.]" *Id*. This kind of wrongfulness arises, for example, when a person seeks to collect a debt by threatening to reveal publicly the debtor's marital infidelity. Because the marital infidelity has no nexus to the claimed debt, the threat to reveal it is wrongful. As the Second Circuit explained: "[w]e do, however, view as inherently wrongful the type of threat to reputation that has no nexus to a claim of right. There are significant differences between, on the one hand, threatened disclosures of such matters as consumer complaints or non-payment of dues, as to which the threatener has a plausible claim of right, and, on the other hand, threatened disclosures of such matters as sexual indiscretions that have no nexus with any plausible claim if right." *Id*.

Given the Court's conclusion that the interpretation of § 875(d) in *Jackson* and *Coss* is correct, the government's motion in limine must be denied. Defendant can defeat the first kind of wrongfulness – making a threatening communication to collect a debt that is not owed – by presenting evidence that he was in fact owed money by Person A. If the government relies on the second category of wrongfulness – a threat that has no nexus to a plausible claim of right – Defendant must be permitted to present evidence of his claim of right in order for the jury to determine whether the threatening communication had a nexus to that claim. Thus, under both categories of wrongfulness, Defendant's claim that he was owed money by Person A is relevant. *Jackson* recognized as much: "We conclude that not all threats to reputation are within the scope of § 875(d), that the objective of the party employing . . . damage to reputation will have a bearing on the lawfulness of its use, and *that it is material whether the defendant had a claim of right to the money demanded*." 180 F.3d at 70 (emphasis added).

The government also argues that evidence of Person A's debt to Defendant should be excluded under Federal Rule of Evidence 403 because its relevance will be

substantially outweighed by the danger of unfair prejudice or jury confusion. The Court does not agree that Defendant's merely presenting evidence that he was owed money by Person A will produce jury confusion, and given the Court's conclusion that wrongfulness is an element of § 875(d), such evidence would not be unfairly prejudicial. Rule 403 is also concerned with undue delay and waste of time, but the Court will not permit the trial in this case to become a trial on the validity of the debt allegedly owed by Person A. The relevant question will be Defendant's intent. Defendant will be permitted to present evidence showing that he reasonably believed he was owed money by Person A, but will not be permitted to wade into the minutia of the debt or its legal validity, including resolving questions of state law as to whether the debt was validly owed. Because the Court concludes that some evidence of the debt is clearly relevant and would not be confusing to the jury or unfairly prejudicial to the government, the motion in limine will be denied. At the final pretrial conference, the parties should be prepared to discuss with the Court the extent of evidence that will be presented concerning the debt allegedly owed Defendant by Person A.

**II.      Motion to Dismiss.**

Defendant argues that § 875(d) unconstitutionally infringes on free speech if the statute does not include a wrongfulness requirement. Because the Court has concluded that § 875(d) includes such a requirement, this argument is moot.

Defendant also argues that the indictment is insufficient because it substitutes the letters A, B, and C for the names of the alleged victims. The Court does not agree. "The law requires only that the indictment delineate the elements of the crime." *United States v. Morlan*, 756 F.2d 1442, 1445 (9th Cir. 1985). An indictment's failure to name particular victims does not result in a deficiency. *Id.*

**IT IS ORDERED** that **t**he government's motion in limine (Doc. 50) and Defendant's motion to dismiss (Doc. 54) are **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 7/3/2012.

Dated this 19th day of September, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge